UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | | |
|---|---|---|---|
| JIMMY ADKINS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 4:17-CV-84-CLC-SKL |
| | ) | | |
| EDDIE CARTER and | ) | | |
| JARRED CAMPBELL, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM AND ORDER**

This pro se civil rights action for violation of 42 U.S.C. § 1983 was transferred to this Court from the United States District Court for the Western District of Tennessee (Doc. 4). This matter is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

**I.     SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990).

## II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff initially filed a complaint alleging that his life was in danger, and that he was subjected to inhumane conditions of confinement at the Van Buren County Jail (Doc. 1). Although Plaintiff had previously received three "strikes" for filing actions that failed to state a claim upon which relief may be granted, the Western District of Tennessee nonetheless allowed him to proceed as a pauper in the instant action based on his allegation that Defendants disclosed his status as a confidential informant and thereby endangered his life (Doc. 4 n.1). *See* 28 U.S.C. § 1915(g) (providing inmate may not proceed *in forma pauperis* in a civil action if he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury).

Plaintiff subsequently filed an amended complaint, alleging that between December 6, 2017, and December 18, 2017, when he was transferred to another facility, guards at the Van Buren County Jail opened some of his legal mail and showed it to other inmates, causing "all of the inmates [to] want[] to kill" Plaintiff; he was placed in a holding cell with no running water; he only had one shower; he had no access to religious practices; he had no exercise; he had no access to healthcare; he was exposed to black mold; and he was informed there was rust in the water pipes (Doc. 6 p.2).

## III.     ANALYSIS

"[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny a prisoner "'the minimal civilized

measure of life's necessities" will establish a conditions of confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Plaintiff's complaint sets forth no facts that would allow the Court to infer that any of the conditions to which he was exposed for approximately twelve days actually caused him harm, or that his relatively short detention in such conditions is the type of grave risk society is unwilling to tolerate. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes*, 452 U.S. at 345-48. Accordingly, Plaintiff fails to state a cognizable § 1983 claim regarding conditions at the Van Buren County Jail.

Additionally, the Court notes that Plaintiff alleges only that officers at the Van Buren County Jail disclosed his status as an informant, and that inmates wanted to kill him afterwards (Doc. 6. p.2). Plaintiff has not pled any facts to support his conclusion that all of the inmates at the jail wanted to kill him, and his conclusory allegation that his life was in danger is insufficient to sustain his claim. *See Iqbal*, 556 U.S. at 679. Additionally, by his own admissions, Plaintiff was housed at the Van Buren County Jail for less than two weeks, and guards placed him in a holding cell after his status as an informant was disclosed (Doc. 6 p. 2-3). He has long since been moved to another facility. Therefore, Plaintiff fails to allege any facts suggesting he faces a serious

risk of injury, much less allege that any risk is imminent. *See Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

The Court finds that Plaintiff has previously filed at least three civil actions in federal courts that were dismissed for failure to state a claim. *See Adkins v. Burnette*, No. 1:16-CV-42 (E.D. Tenn. Oct. 31, 2016) (dismissed for failure to state a claim); *Adkins v. Inman Stories Insurance*, No. 2:16-CV-90 (M.D. Tenn. Nov. 7, 2016) (dismissed for failure to state a claim); *and Adkins v. Inman Stories Insurance*, No. 2:16-CV-106 (M.D. Tenn. Dec. 2, 2016) (dismissed for failure to state a claim). Accordingly, the Court finds that Plaintiff has abused his *in forma pauperis* privileges. Because Plaintiff has failed to plausibly allege that he is in imminent danger of serious physical injury, his *in forma pauperis* status will be revoked. 28 U.S.C. § 1915(g).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's *in forma pauperis* status is **REVOKED**, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and (g).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

SO ORDERED.

AN APPROPRIATE JUDGMENT WILL ENTER.

ENTER:

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**